UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br><br> Yong NI, a/k/a Yung LI, a/k/a Ting Kuo Michael LIN, <br> Defendant. | Case: 2:26-cr-20231 <br> Assigned To : White, Robert J. <br> Referral Judge: Stafford, Elizabeth A. <br> Assign. Date : 4/21/2026 <br> Description: SEALED MATTER (SS) <br><br> VIOLATIONS: <br> 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(iii), <br> 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) <br> 8 U.S.C. §§ 1324a(a)(1)(A), (f)(1) <br> 18 U.S.C. § 1546(a) |

_____/

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **COUNT ONE**
### **Conspiracy to Harbor Illegal Aliens**
### **8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(iii)**

From on or about February 2023 to on or about August 2025, in the Eastern District of Michigan, Southern Division, the defendant, Yong NI, knowingly and intentionally combined, conspired, confederated, and agreed together with various other persons known and unknown to the grand jury, to conceal, harbor, and shield from detection aliens who had come to, entered, and remained in the United States in violation of law, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(iii).

1

## COUNT TWO
### Harboring an Illegal Alien
### 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i)

From on or about March 2024 to on or about May 1, 2025, in the Eastern District of Michigan, Southern Division, the defendant, Yong NI, knowing and in reckless disregard of the fact that an alien, namely, IGS, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and any means of transportation, and did so for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (a)(1)(B)(i).

## COUNT THREE
### Harboring an Illegal Alien
### 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i)

From on or about February 2025 to on or about May 1, 2025, in the Eastern District of Michigan, Southern Division, the defendant, Yong NI, knowing and in reckless disregard of the fact that an alien, namely, BDD, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and any means of transportation, and did so for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii), (a)(1)(B)(i).

2

## COUNTS FOUR TO NINE
### Unlawful Employment of Aliens
### 8 U.S.C. §§ 1324a(a)(1)(A), (f)(1)

On or about the dates listed below, in the Eastern District of Michigan, Southern Division, the defendant, Yong NI, engaged in a practice and pattern of hiring for employment in the United States certain aliens whose identities are known to the Grand Jury, as specified in the table below, knowing that said aliens were unauthorized aliens (as defined in Title 8, United States Code, Section 1324a(a)(h)(3)), with respect to such employment, in violation of Title 8, United States Code, Sections 1324a(a)(1)(A), (f)(1).

| COUNT | ALIEN | DATES OF EMPLOYMENT |
|---|---|---|
| 4 | IGS | March 2024 to May 1, 2025 |
| 5 | BDD | February 2025 to May 1, 2025 |
| 6 | DMS | April 2024 to May 1, 2025 |
| 7 | ADD | September 2024 to May 1, 2025 |
| 8 | MDL | September 2024 to May 1, 2025 |
| 9 | JHH | October 2023 to May 1, 2025 |

3

## COUNT TEN
### Fraud and Misuse of Visas, Permits, or Other Documents
### 18 U.S.C. § 1546(a)

On or about May 1, 2025, in the Eastern District of Michigan, Southern Division, the defendant, Yong NI, did knowingly possess an immigrant visa or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, that is, a Form I-551, Permanent Resident Card, which Yong NI knew to have been procured by means of any false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, in that Yong NI failed to disclose to immigration authorities that, in truth and in fact, he was previously deported from the United States to the People's Republic of China under alias, "Yung LI," on or about January 27, 1996 at or near New York, New York, in violation of Title 18, United States Code, Section 1546(a).

## FORFEITURE ALLEGATION
### Criminal Forfeiture – 18 U.S.C. § 982(a)(6)(A);
### 8 U.S.C. § 1324(b)(1); 28 U.S.C. § 2461

The allegations contained in Counts One through Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6).

Pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United

4

States Code, Section 982(a)(6), upon conviction of an offense in violation of Title 8, United States Code, Section 1324, the defendant, Yong NI, shall forfeit to the United States of America any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense of which the defendant is convicted, any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offense of which the defendant is convicted, and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendant is convicted.

Title 18, United States Code, Section 982(a)(6)(ii) and (iii), upon conviction of an offense in violation of 8 U.S.C. § 1546(a), the defendant shall forfeit any property, real or personal, that constitutes or is derived from or is traceable to the gross proceeds obtained directly or indirectly from the commission of the offense of which the defendant is convicted; and any property, real or personal, used to facilitate or intended to be used to facilitate the commission of the offense of which the defendant is convicted.

The property to be forfeited includes, but is not limited to, the following:

1. $11,604.00 in U.S. Currency (25-FBI-007148);

2. $2,811.00 in U.S. Currency (25-FBI-007149);

5

3.  2020 Chevrolet Express G3500 LT (25-FBI-003072)

4.  2019 Toyota RAV4 LE SUV AWD (25-FBI-003073)

5.  2021 Honda Odyssey EX (25-FBI-003074)

6.  Real property located at 2726 Ardmore Avenue, Royal Oak, Michigan, and being more fully described as:

    North 68 feet of West 150 feet of Lot 40, EYSTER AND HOWARTH SUBDIVISION, as recorded in Liber 8 of Plats, Page 22, Oakland County Records

    PARCEL ID: 25-10-179-006

7.  Real property located at 5600 Celestial Court, Shelby Township, Michigan, and being more fully described as:

    Land situated in the Township of Shelby, County of Macomb, State of Michigan, described as follows:

    Part of the East ¼ of Section 8, Town 3 North, Range 12 East, Township of Shelby, Macomb County, Michigan, described as follows: thence North 87 degrees 55 minutes 03 seconds West 492.05 feet; thence South 02 degrees 04 minutes 57 seconds West 50.0 feet; thence continuing South 02 degrees 04 minutes 57 seconds West 115.0 feet; thence North 87 degrees 55 minutes 03 seconds West 330.0 feet; thence North 02 degrees 04 minutes 57 seconds East 165.0 feet to said East and West ¼ line; thence South 87 degrees 55 minutes 03 seconds East along said East and West ¼ line 200 feet; thence South 02 degrees 04 minutes 57 seconds West 50.0 feet; thence South 87 degrees 55 minutes 03 seconds East 130.0 feet to the point of the beginning.

    PARCEL ID: 07-08-426-025

6

In addition, the United States intends to seek a forfeiture money judgment equivalent to the gross proceeds derived from the commission of the offense of which the defendant is convicted.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

JEROME F. GORGON, JR.
United States Attorney

*s/ Douglas C. Salzenstein*
DOUGLAS C. SALZENSTEIN
AUSA, Chief, Homeland Security Unit

*s/ Sean L. King*
SEAN L. KING
Assistant United States Attorney

*s/ Timothy E. Garcia*
TIMOTHY E. GARCIA
Special Assistant United States Attorney

Dated: April 21, 2026

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case: 2:26-cr-20231<br>Assigned To : White, Robert J.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 4/21/2026<br>Description: SEALED MATTER (SS) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to compl

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: _SLK_ |

**Case Title:** USA v. Yong Ni a/k/a Yung LI, a/k/a Ting Kuo Michael LIN

**County where offense occurred :** Oakland County and Macomb County

**Check One:**    ☒Felony        ☐Misdemeanor        ☐Petty

_✓_Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** [*Complete Superseding section below*].

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐Corrects errors; no additional charges or defendants.
☐Involves, for plea purposes, different charges or adds counts.
☐Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 21, 2026
Date

Sean L. King
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:(313) 226-9727
Fax:
E-Mail address: Sean.King@usdoj.gov
Attorney Bar #: TX24097939

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.